IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID M. WHITE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HB RENTALS, L.C., d/b/a HB RENTALS, )<br>SUPERIOR ENERGY SERVICES, INC.; )<br>and SUPERIOR ENERGY SERVICES, )<br>L.L.C., d/b/a SES ENERGY SERVICES, )<br>)<br>Defendants. ) | C.A. No. 16-1479 |

**REPORT AND RECOMMENDTION**

ROBERT C. MITCHELL, United States Magistrate Judge

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' Partial Motion to Dismiss Plaintiffs' Complaint [ECF No. 7] be granted and that Counts II and V be dismissed with prejudice.

**II.    REPORT**

**A. Relevant Procedural and Factual History**

On September 27, 2016, Plaintiff David M. White filed a Complaint against HB Rentals, L.C., Superior Energy Services, Inc. and Superior Energy Services, L.L.C. (collectively "HB Rentals") [ECF No. 1]. On November 28, 2016, HB Rentals filed a Motion to Partially Dismiss Complaint [ECF No. 7] with brief in support [ECF No. 8]. On December 20, 2016 Plaintiff filed a Response in Opposition [ECF No. 11] to which Defendants have replied [ECF No. 13].

In his six-count complaint Plaintiff alleges HB Rentals discriminated against him on the basis of race and retaliated against him for engaging in protected activity, in violation of 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

1

§2000, *et seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.* [ECF No 1]. Defendant seeks dismissal of Plaintiff's hostile work environment claims, which are set forth at Count II (Section 1981) and Count V (Title VII) of the Complaint, for failure to state a claim upon which relief can be granted.

HB Rentals argues that Plaintiff failed to plead facts sufficient to support this theory. The facts as alleged are as follows. Plaintiff began his employment with HB Rentals in February 2014 as a field technician. Compl. ¶ 11. Plaintiff's employment was terminated on August 1, 2014. Compl. ¶ 30. Plaintiff has alleged that he was one of only two persons of color Defendants employed at their Canonsburg facility. Compl. ¶¶ 1, 12, 20. Besides Plaintiff's co-worker, Farley, all of Defendants' other two dozen or so employees, including Plaintiff's supervisors, were Caucasian. Compl. at ¶¶ 12, 18, 20, 27. During Plaintiff's six-month employment, he claims to have overheard two racially offensive remarks made by non-supervisory coworkers. The first remark allegedly was made in or around April or May 2014, when Plaintiff was assigned to a work crew consisting of himself and two Caucasian male co-workers (Scott Kelly, a field technician, and Bernie Visokey, a crew leader.) Compl. ¶ 18. While performing work on this assignment, Plaintiff told Kelly that he did not want to "rush the job to completion" because he wanted to ensure that it was done properly. Compl. ¶ 18. Kelly allegedly responded by saying "You don't want to nigger-rig it, then." Plaintiff alleges Kelly repeated this comment a second time following a brief pause. Compl. ¶ 18.

Kelly's statement deeply offended Plaintiff and Plaintiff immediately reported Kelly's statements to Defendants' manager, Fowler. Compl. ¶ 20. White asked that Fowler investigate the matter, and speak to Kelly to ensure Plaintiff would not be subject to further racially offensive behavior. Compl. ¶ 20. But Fowler not only lied to Plaintiff – telling the latter, falsely,

that corporate representatives were already scheduled to address the issue of workplace discrimination at an upcoming visit. There was no investigation into Plaintiff's complaint. Compl. ¶ 20.

The second remark was purportedly made in late June 2014, approximately two months after the first remark, while Plaintiff was in the break room with five Caucasian coworkers. One of these coworkers, "a truck driver named Bruce [last name not identified]," joked that he had the Emancipation Proclamation tattooed on his abdomen to provide "reading material" to whomever was performing oral sex on him. Compl. ¶ 27. After this the co-worker made audible sucking noises, to the amusement of Reynolds, who laughed out loud. Compl. ¶ 27.Plaintiff does not allege this statement was directed to him. Instead, Plaintiff alleges only that it was made in his presence. Plaintiff alleges he was offended by this joke; he does not allege to have responded to it in any manner—either directly or indirectly—such as by notifying Bruce that he was offended by the joke or by reporting it to HB Rentals' Human Resources Department or any management level employee. Compl. ¶ 27.

Subsequently, it is alleged, over the next four months, two company officials, Eckman and Reynolds, embarked on a campaign of racially-based harassment and retaliation against White for having complained about Kelly's remark. Compl. ¶ 20. The campaign, which would ultimately lead to Defendants' termination of White's employment, included numerous instances in which Eckman and Reynolds subjected White to unwarranted reprimands Compl. ¶¶ 22-23, 26-29; created a false disciplinary record (exaggerating by several hours White's delay in arriving at a work site, after White had become lost) Compl.¶ 24; and deviated from company policy in order to smear White in the eyes of his coworkers. Compl. ¶ 26. Finally, it is alleged HB Rentals took no corrective action against his co-workers and supervisors. Compl.at ¶¶ 20,

3

26, 27, 30.

**B. Standard of Review for Motions to Dismiss**

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. The Court of Appeals has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Federal Rule of Civil Procedure 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny leave to amend is

4

within the court's discretion, but denial of leave to amend must rest upon grounds such as undue delay, bad faith, dilatory motive, prejudice, or futility. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997).

### C. Discussion

To plead a prima facie claim for hostile work environment, plaintiff must show: (1) that he suffered intentional discrimination because of his race; (2) that the discrimination was pervasive and regular; (3) that the discrimination detrimentally affected plaintiff; (4) that the discrimination would have detrimentally affected a reasonable person of the same race as plaintiff, in a like position; and (5) a basis for respondeat superior liability. *Mandel v. M & Q Packaging Corp.,* 706 F.3d 157, 167 (3d Cir. 2013); *Page v. City of Pittsburgh*, 114 F. App'x 52, 54 (3d Cir. 2004) (upholding dismissal of hostile work environment claims where all of the harassment allegedly occurred during one month and was not sufficiently severe). In evaluating the elements of a hostile work environment claim, courts must consider factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Sherrod v. Phila. Gas Works,* 57 F. App'x 68, 75 (3d Cir.2003).

HB Rentals argues that the two alleged racially-charged utterances are neither serious nor pervasive enough to rise to the level of actionable harassment.[1] In response, Plaintiff argues that taking into consideration the totality of his allegations,[2] it is clear that he has met his burden at the pleading stage; the authority relied upon by HB Rentals is largely based upon a full record rather than at the pleadings stage.

---

[1] In the interest of justice, it is recommended that the Court reject defendant's motion to dismiss the Complaint on the basis that the Response in Opposition was untimely. It was a mere one day late, causing no prejudice.
[2] A totality of circumstances test applies when analyzing hostile work environment claims. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1083 (3d Cir. 1996).

5

To be actionable under Title VII, an "objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so*." Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). It is well settled that "'[o]ccasional insults, teasing, or episodic instances of ridicule are not enough [to violate Title VII]; they do not permeate the workplace and change the very nature of [a] plaintiff's employment.'" *Brooks v. CBS Radio, Inc.*, 342 Fed. Appx. 771, 777 (3d Cir. 2009) (*quoting Jensen v. Potter*, 435 F.3d 444, 451 (3d Cir 2006)) (internal quotations omitted). "[O]ffhand comments and isolated incidents (unless extremely serious)" are not sufficient to sustain a hostile work environment claim. *Faragher* 524 U.S. at 788. HB Rentals is correct that courts consistently dispose of hostile work environment claims based on a mere handful of racially charged remarks. *See*, *e.g.*, *Page v. City of Pittsburgh*, 114 F. App'x 52, 54 (3d Cir. 2004) (finding no hostile work environment where the "allegations of discrimination were limited to a series of isolated instances"); *King v. City of Phila.*, 66 F. App'x 300, 305 (3d Cir. 2003) (concluding that a single racial epithet followed by a physical altercation and the threat of sabotage to plaintiff's work record did not demonstrate a pervasive atmosphere of harassment); *Peacock v. UPMC Presbyterian*, 2016 U.S. Dist. LEXIS 30189 (W.D. Pa. March 9, 2016) (Bissoon, J.) (holding that three incidents of harassment, although "inappropriate for the workplace," were neither sufficiently severe nor pervasive to rise to an actionable level).

Plaintiff is correct that a hostile work environment cannot be analyzed on an incident-by-incident basis, but rather the court must examine the totality of the circumstances.. *Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 715 (3d Cir.1997). Even so, the body of law favors HB Rentals' position. There is plenty of case law dismissing similar causes of actions at

the pleadings phase. In *Davis v. City of Newark*, 285 Fed. App'x 899, 901-903 (3d Cir. 2008) the court affirmed the granting motion to dismiss, holding that ten incidents of alleged inappropriate racially-motivated harassment over a ten-year period was not sufficiently severe or pervasive to support a claim of hostile work environment. In that case the plaintiff had alleged infrequent incidents over the course of ten years, and did not involve physical threats, humiliations, or otherwise unreasonably interfere with her work performance. *Id.* at 901-03. Similarly, as noted *supra,* in *Peacock v. UPMC Presbyterian*, 2016 WL 890574 (W.D. Pa. 2016) (Bissoon, J.), this Court granted the employer's motion to dismiss because the plaintiff, a lesbian, had only alleged three matters in support of her claim of hostile work environment: (1) plaintiff's team lead had asked plaintiff, a hospital worker, whether the latter's friend was her "girlfriend"; (2) on another occasion that same month, the same team lead said to the plaintiff, "You're a lesbian of course you know what a snap-on is" in reference to an otherwise non-descript pole plaintiff had gathered during a decontamination run; and (3) plaintiff's male co-workers referred to a scrotum sling as a "ball sack", presumably in plaintiff's presence. *Id.* at *1-*2. Similarly, in *Gonzalez v. Potter*, No. 09-0534, 2010 WL 2196287, at *5 (W.D. Pa. June 1, 2010) this court granted a motion to dismiss and holding that the issuance of two letters of reprimand over a four-month long period alleged because of the plaintiff's sex is not sufficiently severe or pervasive); *see also Porta v. Dukes*, No. CIV. A. 98-2721, 1998 WL 470146, at **1-3 (E.D. Pa. Aug. 11, 1998) (granting motion to dismiss and holding that a male supervisor's alleged comments to the plaintiff that "[t]he last time I saw you, you were quiet, a virgin, and unmarried," "when the cat's away the mice will play," and "[you are] filling out nicely and have good child bearing hips" are not sufficiently severe or pervasive).

The allegation that Plaintiff was subject to these unfortunate, unprofessional incidents does not mean that the terms and conditions of Plaintiff's employment were altered thereby. *See Sherrod v. Phila. Gas Works,* 57 F. App'x 68, 73–74 (3d Cir. 2003) (finding that off-color comments were insufficient to create a racially hostile work environment); *Smith v. De Novo Legal, LLC*, No. 12–296, 2012 WL 5873679, at *3 (D. D.C. Nov.21, 2012) (granting motion to dismiss where court found that the plaintiff had failed to plead facts such that "the workplace was 'permeated with discriminatory intimidation, ridicule, and insult'"); *Mayo v. Mercy Phila. Hosp.*, No. 10–5261, 2011 WL 1045101, at *3 (E.D. Pa. Mar. 22, 2011) (granting the defendant's motion to dismiss on the plaintiff's hostile work environment claim "because the conduct alleged [did] not rise to the level of 'severe or pervasive'").

Under the facts as alleged we do not see that Plaintiff has stated a claim that race was a substantial factor in his treatment sufficient to support a hostile work environment claim. He has identified only two incidents where racially derogatory language was used by non-supervisory coworkers. Plaintiff asks that the two occasions of inappropriate comments be considered with a "torrent of harassment by his supervisors" who, it is alleged, subjected him to unwarranted reprimands and discipline. We construe the allegations in the complaint as stating he was subjected to retaliatory harassment so as to dissuade him from making a charge of discrimination, rather than a hostile work environment claim. The claim of retaliation and the claim of disparate treatment are not subject to the present motion.

The allegations contained in the complaint are not sufficient to plausibly give rise to a hostile work environment claim. *See Ashcroft v. Iqbal,* 556 U.S.662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a claim has "facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff has not sought leave to amend his Complaint, and it is respectfully recommended that leave not be granted on the grounds of futility.

**D. Conclusion**

Therefore, for the reasons stated herein, it is respectfully recommended that the Partial Motion to Dismiss Plaintiff's Complaint [ECF No.7] be granted and that Counts II and V be dismissed with prejudice.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

> Respectfully submitted,
>
> s/Robert C. Mitchell
> ROBERT C. MITCHELL
> United States Magistrate Judge

Date:  January 26, 2017

cc:  record counsel