**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID M. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-1479 |
| | ) | |
| HB RENTALS, L.C., d/b/a HB RENTALS, | ) | |
| SUPERIOR ENERGY SERVICES, INC.; | ) | |
| and SUPERIOR ENERGY SERVICES, | ) | |
| L.L.C., d/b/a SES ENERGY SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion for Reconsideration filed by Plaintiff David White, (Docket No. 24), and Defendant HB Rentals, L.C.'s response in opposition thereto, (Docket No. 26). Plaintiff seeks reconsideration of this Court's Order of February 28, 2017, overruling his objections to Report and Recommendation, ("R&R"), of United States Magistrate Judge Robert C. Mitchell, adopting the R&R as the Opinion of the Court and granting Defendant's motion to dismiss his hostile work environment claims at Counts II and V of his Complaint. (Docket No. 21). The remainder of Plaintiff's claims including those for retaliation and disparate impact are not at issue in the R&R and are the subject of discovery. (*See* Docket No. 14 at 8). For the following reasons, Plaintiff's Motion for Reconsideration [24] is denied.[1]

"Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure

---

[1] At the outset, the Court notes that the form of the present motion, which consists of 15 pages of lawyer argument in numbered paragraphs without a corresponding brief, violates this Court's Practices and Procedures. *See Practices and Procedures of Judge Nora Barry Fischer,* at § II.B. (eff. 2/5/13) ("Briefs in support of motions shall be filed simultaneously with all motions except discovery motions, motions for extensions of time and motions for continuance, for which no briefs are required. The briefs must contain all information relevant to disposition of the pending motion."). Similarly, the prior objections that were filed in response to the R&R exceeded the page limitations that the Court has set for same in the Practices and Procedures. *Id.* at § II.G ("Reports and recommendations to which objections have been filed will not be decided until a response is filed by the non-objecting party (or opposite party if both object). Briefs not in excess of ten (10) pages are encouraged."). Despite these deficiencies, which would suffice to strike the papers for the respective violations, the Court proceeded to conduct its de novo review of the R&R and will evaluate the present motion which fails on the merits in any event.

are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 938, 943 (E.D. Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level ... the parties are not free to relitigate issues the court has already decided," *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)), or to raise arguments that a party had the opportunity to present before the Court's decision, *see United States v. Dupree*, 617 F.3d 724, 732–33 (3d Cir. 2010) (quotations omitted). Rather, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In his Motion for Reconsideration, Plaintiff has not pointed to an intervening change in the controlling law, cited any new evidence which was not available when the Court issued its Order or pointed to any clear error of fact in the Court's decision. (*See* Docket No. 24). Instead, Plaintiff makes essentially the same arguments that he set forth in his objections, chief among them are his contentions that the Court erred by dismissing his hostile work environment claims

and that the Court and the United States Magistrate Judge[2] misapplied the *Twombly* and *Iqbal*

pleading standards and should have permitted his hostile work environment claims to go forward

through discovery. (*Id.*). Plaintiff also clearly disagrees with the court's decision, but the same

simply does not provide a basis for reconsideration. *See Haynos v. Siemens Water Techs. Corp.*,

Civ. A. No. 12-173, 2012 WL 6018819, at *1 (W.D. Pa. Dec. 3, 2012) (citing *E.E.O.C. v. U.S.*

*Steel Corp.*, Civ. A. No. 10–1284, 2012 WL 1150799, at *6–7 (W.D.Pa. Apr. 5, 2012))

("motions for reconsideration should not be used by parties as an attempt to reargue or re-litigate

old matters or to express disagreement with a Court's ruling.").

Plaintiff further complains that the Court did not write a detailed opinion addressing his

objections at length but rather entered a summary order overruling his objections and adopting

the R&R. (Docket No. 24). But, the style and structure of the decision as an opinion or

summary order is committed to the sound discretion of the Court, particularly when ruling on a

Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 52(a)(3) ("(3) For a Motion. The court is not required

to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these

rules provide otherwise, on any other motion."). In addition, despite Plaintiff's current position,

the Court's Order plainly states that it conducted an "independent review of the motion and the

record" (Docket No. 21), and thus explicitly states that it engaged in the required *de novo* review

of the objections. *See* W.D. Pa. LCvR. 72.D.2 ("A District Judge shall make a de novo

determination of those portions to which objection is made and may accept, reject or modify in

whole or in part, the findings and recommendations made by the Magistrate Judge. The District

Judge, however, need not conduct a new hearing and may consider the record developed before

the Magistrate Judge, making his or her own determination on the basis of that record, or

---

[2]      As this Court has recognized previously, Magistrate Judge Mitchell has served this Court with aplomb for
more than 40 years. *Lyttle v. AT&T Corp.*, 2013 WL 6008494, at *1, n.1 (W.D. Pa. Nov. 13, 2013).

recommit the matter to the Magistrate Judge with instructions."). In this instance, the Court simply found the objections to be without merit and adopted the well-reasoned R&R as the Opinion of the Court. The Court also concluded that no further explication was required or necessary; hence, no more of an explanation was provided in the interests of judicial efficiency.

Having reviewed Plaintiff's arguments now for a second time, the Court continues to agree with the reasoning of the R&R and finds that it is fully consistent with its prior decisions dismissing hostile work environment claims for failure to state a plausible claim because the allegations of harassment were not sufficiently severe or pervasive to alter the terms and conditions of the Plaintiff's employment. *See e.g., McClendon v. Dougherty*, Civ. A. No. 10-1339, 2011 WL 677481, at *8-9 (W.D. Pa. Feb. 15, 2011) (granting motion to dismiss race-based hostile work environment claims). The dismissal of Plaintiff's hostile work environment claims is likewise supported by the precedent cited throughout the R&R which need not be repeated here. (Docket No. 14 at 7-9).

As he did in his objections, Plaintiff continues to protest that his claims were dismissed with prejudice, without him being granted leave to amend. (Docket No. 24). But, he did not make a request for leave to amend his Complaint to Magistrate Judge Mitchell in his response to the motion to dismiss filed on December 20, 2016 and "arguments raised for the first time in objections to a Magistrate Judge's" ruling are deemed waived. *A.G. Cullen Const., Inc. v. Travelers Cas. & Sur. Co. of Am.*, Civ. A. No. 08-1238, 2010 WL 1992559, at *2 (W.D. Pa. May 17, 2010); *see also Stoltzfoos v. Wetzel*, No. 13-CV-6747, 2017 WL 772831, at *2 (E.D. Pa. Feb. 27, 2017) ("Arguments that are not presented to the magistrate judge are deemed waived."). In addition, Plaintiff has not otherwise supplied the Court with a draft amended complaint even now, nearly three full months later, which further undermines his untimely request. *See e.g., U.S.*

*ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (quotation omitted)) (a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought...—does not constitute a motion within the contemplation of Rule 15(a)."); *McWreath v. Range Res. – Appalachia, LLC*, 645 F. App'x 190, 196 (3d Cir. 2016) (quoting *Zizic*, 728 F.3d at 243) (additional quotation omitted) ("the failure to submit a draft amended complaint 'is fatal to a request for leave to amend.'").

Finally, Plaintiff once again asks that the Court hold oral argument but this Court "entertains oral argument only on selected factually and legally complex matters," *Practices and Procedures* at § II.A, and does not find this to be such a case. Indeed, Plaintiff did not request that Magistrate Judge Mitchell convene oral argument when the initial motion was filed, arguably waiving this request as well. *See Practices and Procedures of Magistrate Judge Robert C. Mitchell* at § II.A. ("Oral argument is granted only if requested by counsel, and, in a situation which the Judge deems appropriate."). In any event, it is this Court's opinion that after three rounds of briefing, it is time for the litigation over the present motion to dismiss to come to its conclusion and that convening further proceedings on this matter would run counter to Rule 1 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 1 (The Federal Rules "should be construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

For these reasons, Plaintiff's Motion for Reconsideration [24] is DENIED and the Court's Order of February 28, 2017 stands.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   March 20, 2017

cc/ecf:  All counsel of record.